# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **SANDRA WHITE, and RAY WHITE** | 2:13-cv-1657-LDG-NJK |
| Plaintiff, | |
| vs. | **ORDER** |
| **JOHNSON & JOHNSON, et al.,** | Defendants' Motion to Stay Proceedings (#2); |
| Defendants. | |

Before the Court is Defendants' Motion to Stay Proceedings (#2) filed on September 10, 2013. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2.

## BACKGROUND

This action involves allegations about pelvic mesh products that Planitiff alleges are defectively designed, unreasonably dangerous, lacked adequate warnings, and not fit for the ordinary purpose for which they were intended. Defendants represent that there are thousands of virtually identical cases pending in federal district courts based upon diversity jurisdiction. Accordingly, the United States Judicial Panel for Multidistrict Litigation ("JPML") has established six separate Milti-District Litigations ("MLD") for claims related to the mesh products in the United States District Court for the Southern District of West Virginia.

Defendants have filed a Notice of Potential Tag-Along Action with the JPML regarding this case in accordance with the Rules of Procedure of the JPML. If the Panel issues a conditional

transfer order, this case will be transferred to the Ethicon MLD where it will be addressed along with other cases now pending there.

### DISCUSSION

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, pursuant to 28 U.S.C. § 1407 (a), the JPML issued a Transfer Order centralizing all actions to the Southern District of West Virginia. Therefore, there is a likelihood that this case will be transferred. A stay will simplify issues of proof, prevent duplicative discovery and inconsistent rulings pretrial issues, and conserve the resources of the parties, their counsel and the judiciary. Accordingly, the Court, having weighed the interests at hand, finds that a stay of proceedings is appropriate in these circumstances. *See* Fed.R.Civ.P. 1.

### CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that the Defendants' Motion to Stay Proceedings (#2) is **GRANTED.**

DATED this   11th   day of September, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge